UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**SAM LOPEZ**, individually,

                **Plaintiff,**

v.

**BROOKLYN BRIDGE CAFE LLC
d/b/a BROOKLYN BRIDGE CAFE,**
a New York for profit corporation

                **Defendant.**

_____

Case No. _____

## COMPLAINT FOR VIOLATIONS OF ADA

Plaintiff, SAM LOPEZ, by and through the undersigned counsel, and in accordance with the Federal Rules of Civil Procedure and all other applicable statutes, rules, governing legal authorities, and advisory opinions files the instant Complaint against Defendant BROOKLYN BRIDGE CAFE LLC d/b/a BROOKLYN BRIDGE CAFE for violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*.

**I.   General Allegations Establishing Jurisdiction**

1. Plaintiff SAM LOPEZ is an individual with a disability as defined by the ADA.

2. Plaintiff SAM LOPEZ is seeking injunctive relief pursuant to the Americans with Disabilities Act (hereinafter "ADA"), which entitles Plaintiff to all

      attorneys' fees, litigation expenses and costs incurred in pursuing an action to enforce and obtain compliance with provisions of the ADA in accordance with 28 U.S.C. § 12181 *et seq.*

3. Notice prior to initiating suit is **not** mandated by the ADA. All other conditions precedent to filing suit are satisfied or are waived by Defendant as their its violations have been ongoing since enactment of the ADA.

4. This Court has original jurisdiction over claims arising under Title III of the Americans with Disabilities Act (*see* 42 U.S.C. § 12181 *et seq.*; 28 U.S.C. §§ 2201-2202) pursuant to 28 U.S.C. §§ 1331 and 1343.

5. The property at issue is located in Kings County, New York at 235 Adams Street in Brooklyn Heights (hereinafter "Property").

6. The Property is being operated as a service establishment – a "place of public accommodation (*see* 28 CFR 36.201(a))" – by Defendant BROOKLYN BRIDGE CAFE LLC d/b/a BROOKLYN BRIDGE CAFE (hereinafter "BROOKLYN BRIDGE CAFE"), who is a tenant on the Property.

7. Venue properly lies in the Eastern District of New York as it is the federal judicial district which the property is located and on which the violative establishment is conducting business.

## II.     Plaintiff Lopez

8.  Plaintiff LOPEZ is a forty eight (48) year old young man who presently resides in Brooklyn, New York.

9.  Plaintiff LOPEZ was born in Puerto Rico. As a child, while in Puerto Rico with his family, Plaintiff LOPEZ was involved in a terrible accident ultimately leaving him confined to wheelchair as a paraplegic.

10. Plaintiff LOPEZ suffered life threatening injuries including having broken his back. At the time of his disability Plaintiff LOPEZ was only ten (10) years old.

11. After suffering through continued medical complications following his accident, at the age of twelve (12), Plaintiff LOPEZ was offered the opportunity to travel to the United States to receive medical care by Shriners International – at no cost – other than leaving his family behind in Puerto Rico.

12. Plaintiff LOPEZ underwent a bilateral hip disarticulation once in the United States, which left him permanently disabled.

13. Although the vast majority of Plaintiff Lopez' family remained in Puerto Rico, Plaintiff LOPEZ' sister later relocated to the United States and now practices law locally in Brooklyn, New York.

14. Plaintiff LOPEZ' principle means of transportation is the MTA/New York City Transit Bus System but he also travels to many places locally using only his wheelchair. Plaintiff LOPEZ finds it is often difficult to travel using the subway due to the limited number of stops providing wheelchair access, but where the stations are properly equipped for individuals with disabilities it can be the fastest route.

15. When Plaintiff LOPEZ was visiting BROOKLYN BRIDGE CAFE he encountered architectural barriers at the Property precluding him from reasonably accessing the goods and services provided to non-disabled individuals. These barriers to access at the Property have deterred Plaintiff from availing himself of, and are denying his the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at BROOKLYN BRIDGE CAFE equal to those afforded to other individuals.

### III. ADA Prohibits Barriers Impeding Access By Disabled Individuals

16. The ADA prohibits discrimination on the basis of disability. The Act guarantees reasonable accommodations for individuals with disabilities to ensure they are not the subject of discrimination.

17. The ADA and the ADA/ABA Accessibility Guidelines for Buildings and Facilities (36 CFR Part 1191, Appendices B and C) along with 28 CFR Part

36, Subpart D, the New Construction and Alterations portion of Title III (all hereinafter referred to as the "Accessibility Standards") dictate that operators of "commercial establishments" are responsible for complying with these federal Accessibility Standards.

18. Defendant has and is continuing to violate the Accessibility Standards – discriminating against Plaintiff and other similarly situated disabled individuals – by failing to provide accessible facilities since January 26, 1992 (or, alternatively, January 26, 2993).

19. As a result of Defendant being continually non-compliant with the ADA, Plaintiff LOPEZ is being deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public. Consequently, Plaintiff is effectively deterred and discouraged from further travel due to these ADA problems.

## IV. BROOKLYN BRIDGE CAFE

20. The present violations at Defendants' facility threaten Plaintiff's safety as they create hazards impeding access.

21. The violations also infringe upon Plaintiff's right to travel free of discrimination causing Plaintiff harm in the form of suffering frustration, shame and humiliation.

22. A preliminary inspection of BROOKLYN BRIDGE CAFE reveals the following exterior and interior barriers to access by Plaintiff as an individual who is confined to a wheelchair:

   a. inaccessible main front entrance as existing step at front entrance acts as a barrier to accessibility without required ramp;
   b. required minimum maneuvering clearance not provided at double leaf door at main entrance;
   c. required minimum floor space not provided in corridor between the two entrance doors in series at main entrance;
   d. inaccessible side entrance as door at side entrance is kept locked;
   e. non-compliant existing ramp leading side entrance;
   f. floor surface of existing ramp leading to side entrance not level and required minimum clear width not provided at floor surface of existing ramp leading to side entrance;
   g. required landing not provided at top of existing ramp leading to side entrance;
   h. required minimum maneuvering clearance not provided at door at side entrance;
   i. inaccessible dining tables as required minimum knee and toe clearance not provided at dining tables;
   j. percentage of existing dining tables required to be accessible not provided;
   k. inaccessible dining counter as mounted height of dining counter exceeds maximum height allowance;
   l. required minimum knee and toe clearance not provided at dining counter;
   m. portion of dining counter required to be accessible not provided;
   n. inaccessible path of travel leading to restroom as existing steps at path of travel leading to restroom act as a barrier to accessibility;
   o. required compliant hand railings not provided at both side walls of steps leading to restroom;
   p. inaccessible restroom as required minimum clear width not provided at restroom door opening;
   q. required minimum maneuvering clearance not provided at restroom door;
   r. non-compliant door knob at restroom door requires twisting of the wrist;
   s. restroom door swings into the required floor space of lavatory, urinal, and water closet;
   t. required minimum turning space not provided in restroom;

u. inaccessible lavatory as required minimum clear floor space not provided at lavatory;
v. required knee and toe clearance not provided at lavatory;
w. inaccessible mirror located above lavatory, automatic hand dryer, as mounted heights exceed maximum height allowance;
x. inaccessible urinal as required minimum clear floor space not provided at urinal;
y. non-compliant height of wall mounted urinal exceeds maximum height allowance;
z. inaccessible water closet as required minimum clear floor space not provided at water closet;
aa. required grab bars not provided at rear and side walls of water closet;
bb. non-compliant distance of water closet from side wall;
cc. inaccessible toilet paper dispenser as dispenser in non-compliant distance from water closet;
dd. failure to maintain accessible features and failing to advise to policies, practices and procedures to ensure that the goods and services being offered, as well as the facilities themselves, are accessible to people with disabilities;

23. The above-listed discriminatory violations are not an exhaustive list of all ADA violations on the property. Plaintiff requires an inspection of Defendants' place of public accommodation in order to identify, photograph and measure all of the barriers to access that constitute discriminatory acts in violation of the ADA.

24. Plaintiff plans on returning to BROOKLYN BRIDGE CAFE to avail himself of the good and services offered to the public thereon, and to determine whether the property has been made ADA compliant.

25. As the violations at Defendants' facility are ongoing, it would be a futile gesture for Plaintiff to return to the property so long as the above listed

7

violations exist. Plaintiff returning to the property prior to all above violations being remedied will only further subject Plaintiff to discrimination and threaten Plaintiff's physical safety and well-being.

**COUNT I: DECLARATORY JUDGMENT**

26. When Plaintiff LOPEZ visited BROOKLYN BRIDGE CAFE he could not reasonably access the goods and services otherwise available to able bodied individuals due to architectural barriers and other ADA violations (*see* 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*) set forth herein in paragraph 22.

27. The Accessibility Standards, in particular Title III of the ADA, require all places of public accommodation to provide any person with a disability equal access to the goods and services being offered to non-disabled individuals.

28. Defendant is denying Plaintiff reasonable access to the good and/or services being offered on their premises in violation of Title III of the ADA thus causing Plaintiff to retain the undersigned law firm to enforce his rights.

29. As a result of Defendant continuously violating of Title III of the ADA Plaintiff LOPEZ has and is suffering actual harm in the form of personal injury, including humiliation and a sense of isolation and segregation, which are depriving Plaintiff of the full, fair and equal enjoyment of the goods,

8

services, facilities, privileges and/or accommodations available to the general public.

30. A declaration that Defendant was in violation of the ADA at the time Plaintiff first suffered real and actual harm is necessary to ensure Plaintiff is compensated for the attorneys' fees expended to obtain Defendant's compliance with the law.

31. The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA. Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

**WHEREFORE**, Plaintiff respectfully requests an order declaring Defendant (A) in violation of Title III of the ADA, 42 USC § 12181 *et seq.* at the time of Plaintiff's visit*;* and ((B) as a result of architectural barriers Defendant has effectively denied Plaintiff, as an individual with a disability, reasonable access to the goods and/or services offered on the Property thereby discriminating against Plaintiff.

## COUNT II: INJUNCTIVE RELIEF AGAINST BROOKLYN BRIDGE CAFE

32. Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 25 above as if set forth specifically herein.

33. BROOKLYN BRIDGE CAFE is being operated as a place of public accommodation in violation of ADA.

34. Plaintiff, and all other individuals similarly situated, have been denied access to and have been denied the benefits of services, programs and activities at the Defendant's establishment as a result of the ADA violations set forth herein in paragraph 22 in violation of 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*.

35. Defendant continues to discriminate against Plaintiff and those similarly situated by operating BROOKLYN BRIDGE CAFE and yet failing to make reasonable modifications in policies, practices and/or procedures to comply with the Accessibility Standards.

36. Modifications in Defendant BROOKLYN BRIDGE CAFE's practices, policies and procedures are necessary to afford all offered goods, services, facilities, privileges, advantages and/or accommodations to individuals with disabilities.

37. Said modification are also necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals.

38. Plaintiff is suffering true and actual harm by Defendant BROOKLYN BRIDGE CAFE operating a place of public accommodation. Defendant's discriminatory practices create the potential for and/or cause Plaintiff physical harm and the contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

39. Plaintiff, and all others similarly situated, have and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein.

40. Plaintiff is without any adequate remedy and law.

41. The undersigned has been retained by Plaintiff and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505 for having to employ the services of an attorney to gain Defendant's compliance with the Accessibility Standards.

42. Pursuant to 42 USC § 12188, this Court is empowered to order an injunction to remedy for Defendant's ADA violations, including but not limited to issuing an order requiring Defendant to alter the subject property so as to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until such time as Defendants cure all ADA violations.

**WHEREFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

   a.  Injunctive relief against Defendant;

   b.  award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;

   c.  any other relief this Court deems just and proper and/or is otherwise allowable under Title II of the ADA.

Respectfully submitted on February 9, 2016.

**By: /s/ Tara Demetriades**
Tara Demetriades, Esq.
New York Bar No. 4185666

**ADA Accessibility Associates**
1076 Wolver Hollow Road
Oyster Bay, New York 11771
E: TDemetriades@Aol.com
T: (516) 595-5009